

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00103-CR
_____

BENITO SANTOS AGUILAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35679-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Benito Santos Aguilar stood before the trial court—aided by a Spanish interpreter—accused of driving while intoxicated (DWI), having had two previous convictions for DWI. Aguilar pled guilty without a plea agreement and sought community supervision rather than jail time. In the dialogue with the trial court, Aguilar admitted that he was in the United States illegally. He stipulated to evidence that, on the occasion in question, he drove a motor vehicle while intoxicated and that he had previously been convicted of two prior DWIs. There was also evidence that Aguilar, after this offense, had been arrested for DWI on two later occasions. The trial court accepted the guilty plea, rejected the request for community supervision, and sentenced Aguilar to five years' imprisonment.

On appeal, Aguilar contends the trial court abused its sentencing discretion as shown by "racist" remarks. The portion of the record in question is the trial court's response to counsel's request for community supervision:

> [Defense Counsel]: He wants probation, he's a hard worker, he's got a family here he needs to care for, on his behalf, I ask you to consider placing him on probation.
>
> THE COURT: Okay. He mentions that his family needs him. Well, he sure wasn't thinking about his family when he was out there on the road all tanked up. But I'm thinking about a family, I'm thinking about those families that are out there on the highways, minding their own business and there are Benito Aguilars out there tanked up on the road and what could happen when that occurs. And I ain't going to let it happen on my watch under the facts of this case.

2

In support of the argument, counsel points out that the court asked Aguilar, at the time he waived a jury trial, whether he was a citizen and that, on finding out that he was not, the court warned him deportation might follow any conviction. Counsel implies that this is improper because it is not required by law or custom at that point in the proceedings.

Counsel also acknowledges that the trial court repeated this sequence when Aguilar pled guilty and that such inquiry is mandated by Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2008).

Counsel directs our attention to cases in which defense counsel's racially specific and negative references to his or her own client can constitute ineffective assistance of counsel. *See Ex parte Guzmon*, 730 S.W.2d 724, 726 (Tex. Crim. App. 1987) (counsel referred to client as "wetback"); *Ramirez v. State*, 65 S.W.3d 156, 157 (Tex. App.—Amarillo 2001, pet. ref'd) (counsel argued that jury not consider client a "drunk Mexican").

First, we note that here there was no objection to any of the trial court's comments and that counsel also made no objection later—when asked whether there was any reason for sentence not to be pronounced—and, in fact, said he had no legal reason for sentence not to be pronounced at that time. In the absence of any timely complaint by counsel, the claimed error has not been preserved for appellate review. TEX. R. APP. P. 33.1.

Even if the complaint had been properly preserved, we do not read such racial implications into these statements. The trial court stated that it would not let the drunken "Benito Aguilars" of

3

the world back onto the roadway to endanger other families and that it would not allow such to happen with this person in this case. It was a generic statement of intent to enforce the law and sentence as it saw necessary to protect the public. The trial court's comments were not perjorative to Hispanics, nor were they race-specific in any fashion, beyond using the name of the defendant. Using a defendant's name in such a fashion does not make a statement racist.

We overrule the point of error and affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 1, 2008
Date Decided:       December 2, 2008

Do Not Publish